**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-22654-CIV-ALTONAGA/Reid**

**MARY GOODENOUGH,**

      Plaintiff,

v.

**CARNIVAL CORPORATION,**

      Defendant.

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby moves for summary judgment for all claims made in Plaintiff's First Amended Complaint [ECF No. 18], and states as follows:

### I.    INTRODUCTION

Cruise ship passenger Ms. Mary Goodenough ("Plaintiff") fell in the Lido Restaurant while sailing onboard the Carnival *Spirit*. She claims she tripped over a protrusion where carpet met tile and that her fall is due to Carnival's negligence.



ECF No. 37-4, pg. 8.



ECF No. 37-5.

Summary judgment should be granted in Carnival's favor on all of Plaintiff's claims. Plaintiff fails to proffer evidence of Carnival's notice of a tripping hazard in this area to sustain her burden to prove a duty under Counts I through III. Additionally, Count IV is not a true vicarious liability claim. Even if it was, Plaintiff fails to satisfy the elements of negligence that would warrant a trial.

## II.   LEGAL STANDARDS

### a.   Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation cannot create a genuine issue of material fact sufficient to defeat a well-supported

motion for summary judgment. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, a court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted). But if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

   b.      General Maritime Law Applies

Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). However, a shipowner "is not liable to passengers as an insurer, but only for its negligence." *Keefe*, 867 F.2d at 1322.

To prove negligence, a plaintiff must show: (1) that the defendant had a duty to protect the plaintiff from a particular injury, (2) that the defendant breached the duty, (3) that the breach was the actual and proximate cause of the plaintiff's injury, and (4) that the plaintiff suffered damages. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action." *Taiariol v. MSC Crociere, S.A.*, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.")).

> c.     Four Counts Against Carnival

Plaintiff brings four counts for negligence against Carnival: (1) failure to remedy a dangerous condition (ECF No. 18, pg. 7, ¶¶ 32 – 42); (2) failure to warn of a dangerous condition (*Id.* at ¶¶ 44 – 59); (3) negligent design/installation (*Id.* at ¶¶ 60 – 81); and (4) vicarious liability for the active negligence of Carnival's employees for negligent design, construction, and selection. (*Id.* at ¶¶ 82 – 96).

The first three counts are made against Carnival directly as the shipowner. Maritime carriers owe a duty of "ordinary reasonable care under the circumstances" to its passengers. *Keefe*, 867 F.2d at 1322. Under this standard, plaintiffs must show, "as a prerequisite to imposing liability, that the carrier ... had actual or constructive notice of the risk-creating condition, at least where ... the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id.*; *see also Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1286 (11th Cir. 2015) ("[T]he maritime standard of reasonable care usually requires that the cruise ship operator have actual or constructive knowledge of the risk-creating condition.").

Put simply, the carrier's liability "hinges on whether it knew or should have known about the" allegedly dangerous condition. *Keefe*, 867 F.2d at 1322; *see also Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020) ("[A] cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it."). Plaintiffs can show constructive notice in two ways. "First, a plaintiff can establish constructive notice by showing that a 'defective condition existed for a sufficient period of time to invite corrective measures.' Second, a plaintiff can show evidence of 'substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Tesoriero*, 965 F.3d at 1178–79 (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). Further, "[k]nowledge that the condition exists is not sufficient, the defendant must also know that the condition is dangerous." *Malley v. Royal Caribbean Cruises, Ltd.*, 713 Fed.Appx. 905, 908 (11th Cir. 2017) (citing *Chaparro*, 693 F.3d at 1337).

In the final vicarious liability count, "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation marks omitted). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167-68 (11th Cir. 2021).

### III.    ARGUMENT

a.    Summary Judgment on Counts I, II, and III is Warranted Because There is No Evidence Carnival Was on Notice of a Tripping Hazard Where Plaintiff Fell.

In this case, Plaintiff has not demonstrated through evidence that Carnival knew or should have known that the carpet to tile transition within the Lido Restaurant on the *Spirit* posed a tripping hazard to passengers.[1] *Malley v. Royal Caribbean Cruises, Ltd.*, 713 Fed.Appx. 905 (11th Cir. 2017) is instructive. There, the plaintiff alleged that she fell while attempting to step onto a high coaming on a cruise ship, and the fact that there was railing and may have been yellow and black tape demonstrated that the cruise ship knew the coaming was dangerously high. However, the Eleventh Circuit found that plaintiff's arguments and her family member's affidavit that the coaming was incredibly tall was not relevant to the cruise ship's knowledge. *Id.* at 908. Further, there was no evidence that anyone else had ever fallen on the coaming, had a close call, or even complained about the height. *Id.* Therefore, the Eleventh Circuit affirmed summary judgment in favor of the cruise ship because plaintiff failed to prove notice of actual or constructive notice of a risk creating condition. *Id.*

*Tesoriero v. Carnival Corp.* is also instructive. There, after a chair she sat in collapsed, plaintiff brought failure to inspect, maintain, and warn claims based on Carnival's alleged failure to inspect and maintain cabin furniture. 965 F.3d at 1176. The district court granted summary judgment because plaintiff failed to show that Carnival had actual or constructive notice that the chair was broken, and the Eleventh Circuit affirmed. The evidence did not show, and plaintiff did

---

[1] All of the negligence theories in Counts I through III require that Plaintiff produce evidence of Carnival's actual or constructive notice of a risk-creating condition. *See Tesoriero*, 965 F.3d at 1178 -80 (requiring notice on failure to inspect and maintain claims); *Horne v. Carnival Corp.*, 741 Fed.Appx. at 609, 610 (11th Cir. 2018) ("In order for [plaintiff] to succeed on his failure to maintain claim, he must show that Carnival had actual or constructive notice that the door was in a dangerous condition."); *Groves v. Royal Caribbean Cruises, Ltd.*, 463 Fed.Appx. 837 (11th Cir. 2012) ("Under the law in this circuit, [the cruise line] can be held liable for negligent design of the dining area if it had actual or constructive notice of such hazardous condition.") (citing *Keefe*, 867 F.2d at 1322).

not contend, that Carnival had actual notice that the chair was dangerous. *Id*. at 1179. Further, there was no evidence of any substantially similar incidents involving wooden cabin chairs. *Id*. Moreover, there was no evidence of a reasonably detectable defect existing for a period of time to "invite" corrective measures. *Id*.

Similarly here, at the summary judgment stage, Plaintiff has not come forward with any evidence that Carnival had actual or constructive notice that the carpet-to-tile transition in this area was a risk-creating condition. To the contrary, Carnival's investigation following the incident indicated there were no safety concerns and that the carpet strip was free of any issues. SOF ¶ 15.[2] Further, there is no record of prior incidents involving passengers tripping and falling in this entrance onboard the *Spirit* for the five-year period preceding Plaintiff's incident. SOF ¶ 9. Moreover, there are no work orders indicating this entrance required repair. SOF ¶¶ 7, 8. This lack of evidence regarding Carnival's notice means Plaintiff cannot prove Carnival owed her a duty related to her incident. *Keefe*, 867 F.2d at 1322; *Sutton v. Royal Caribbean Cruises Ltd.*, 774 Fed.Appx 508, 511 (11th Cir. 2019) (affirming summary judgment where plaintiff identified no prior incidents, accident reports, passenger reviews or complaints, or any other documents evidencing any actual or potential safety issues involving lighting machine); *Cohen v. Carnival Corp.*, 945 F.Supp.2d. 1351, 1355 (S.D. Fla. 2013) (finding no evidence of notice where plaintiff cannot offer "any accident reports, passenger comment reviews or forms, or reports from safety inspections.").

The record indicates there was nothing defective in this area and nothing that should have "invited" Carnival to take corrective action with regards to Plaintiff's alleged tripping hazard. *Tuite v. Carnival Corp.*, 713 F.Supp.3d 1338, 1347-48 (S.D. Fla. 2024) (citing *Francis v. MSC Cruises,*

---

[2] "SOF" refers to Defendant's Statement of Material Facts in Support of Its Motion for Summary Judgment, and the exhibits cited therein, being filed contemporaneously.

*S.A.*, 546 F.Supp.3d 1258, 1266 (S.D. Fla. 2021) (Moreno, J.), *aff'd*, 21-12513, 2022 WL 4393188 (11th Cir. Sept. 23, 2022)). Based on Plaintiff's failure to proffer any evidence Carnival knew or should have known of a dangerous condition associated with her fall, Carnival is entitled to summary judgment on Count I, II, and III.

> b. Summary Judgment on Count IV is Warranted Because There is No Evidence of <u>Employee Misconduct Causing Plaintiff's Fall.</u>

Summary judgment on Count IV is proper because it is not a legally cognizant claim and Plaintiff fails to produce evidence supporting her theory. To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167-68 (11th Cir. 2021). "The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action." *Taiariol v. MSC Crociere, S.A.*, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.")).

Plaintiff's alleged vicarious liability claim for negligent design arises under *Yusko*, which is different from this case involving a carpet-to-tile flooring transition. In *Yusko*, a cruise passenger alleged that she was injured by the ship's dance instructor who aggressively spun her while competing in a dance competition. 4 F.4th at 1166. The Court held that the passenger was not required to prove the cruise line's prior notice under *Keefe* to establish liability because her claims were for vicarious liability from the actions of the dance instructor, not direct negligence of the cruise line. *Id.* at 1170.

Despite relaxing the notice requirement in vicarious liability situations, the *Yusko* court specifically emphasized that passengers are unable to escape the notice requirement in all settings. In relevant part, the *Yusko* discussed that "common sense suggests there will be just as many occasions where passengers are limited to a theory of direct liability. Sometimes…a passenger will not be able to identify any specific employee whose negligence caused her injury." *Id*. at 1170. The *Yusko* court relied in part on the Restatement (Third) of Agency § 7.07 (2006). The Restatement addresses that "in situations to which respondeat superior is relevant, tortious conduct by an employee takes place in the context of an *identifiable employee-actor's interaction with a third party*." Restatement (Third) of Agency § 7.07 (2006) (emphasis added).

Subsequent to *Yusko*, the Eleventh Circuit addressed that in cases such as these, Plaintiff is limited to a theory of direct liability for her incident. In *Holland v. Carnival Corp.*, the Court affirmed dismissal of a complaint that alleged vicarious liability for a slip-and-fall incident on a cruise ship. 50 F.4th 1088 (11th Cir. 2022). The Eleventh Circuit declined to extend *Yusko*'s holding, noting:

> [A]lthough we stated in *Yusko* that a plaintiff "may choose to proceed under a theory of direct liability, vicarious liability, or both," we noted that "common sense suggests that there will be just as many occasions where passengers are limited to a theory of direct liability" and that "[s]ometimes, as in *Keefe*, a passenger will not be able to identify any specific employee whose negligence caused her injury." *Id*. at 1170. **This case is exactly the type of case described in *Yusko* where a passenger is limited to a theory of direct liability.** Unlike the plaintiff in *Yusko*, Holland has not identified any specific Carnival employee's negligent action that caused his fall. And nothing in *Yusko* suggests that Holland can avoid pleading the elements necessary to allege Carnival's direct liability for negligent maintenance and failure to warn by titling his claims as claims for vicarious liability and asserting in a conclusory allegation that Carnival was vicariously liable for any negligent action by any of its crewmembers. We thus conclude that this case is like our decisions in *Keefe* and *Everett*, and we decline to apply and extend *Yusko* here.

*Id*. at 1097 (emphasis added).

At the summary judgment stage, Plaintiff has not identified any specific employee whose negligence caused her injury under Count IV.[3] The carpet and tile in this area was installed in 2018. SOF ¶ 5. Carnival is without knowledge regarding the individuals responsible for its selection.

Additionally, Plaintiff fails to meet her burden in showing that any negligent act by an employee caused her injury. In *Hodson v. MSC Cruises, S.A.*, Magistrate Judge Goodman recommended summary judgment on the plaintiff's vicarious liability claim where "there was no evidence to prove the essential element of negligence by the purported employee." No. 20-22463-CIV, 2021 WL 3639752, at *13 (S.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, No. 20-22463-CIV, 2021 WL 3634809 (S.D. Fla. Aug. 16, 2021). There, a cruise passenger allegedly slipped on a wet step and fractured her ankle. *Id*. at *1.  Plaintiff alleged, *inter alia*, that the cruise line was vicariously negligent because an unidentified crewmember directed her to use the stairs she ultimately slipped on. *Id*. at *11. The Court found this was insufficient to prove negligence, distinguishing the vicarious liability allegations in *Yusko*:

> Plaintiff's only evidence to support her vicarious liability claim in Count V is that an employee told her to use the stairs. That is hardly enough to constitute negligence. Plaintiff's theory would be akin to a crewmember in *Yusko* advising a passenger to visit the room where the dance competition was taking place. Although the *Yusko* plaintiff stated a vicarious liability claim based on the employee who released her hands during a dance move, she would not be able to maintain a claim based on an employee's advice to participate in the competition absent further evidence, such as evidence that the employee knew the dancer was reckless and had previously injured passengers.

*Id*. at *13.

---

[3] Defendant initially raised this argument in its Motion to Dismiss Count IV, which this Court denied, while noting Plaintiff "would do well to pinpoint evidence sufficient to establish that [Defendant's] employees negligently designed the ship or negligently approved of the design in order to avoid an adverse summary judgment ruling or trial verdict." ECF No. 22, pg. 4 (internal quotations and citations omitted).

Similarly here, there is no evidence to support Plaintiff's claim that an employee's negligence was responsible for the installation or design of an "uneven lip/threshold." ECF No. 18, pg. 11, ¶¶ 61 – 62. Further, there is no evidence in this case, through expert opinions or otherwise, that the design of this area itself was somehow dangerous or failed to meet any type of standard or guideline.

The facts here are more akin to *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990). In *Everett,* the plaintiff tripped and fell over a metal threshold cover for a fire door. *Id*. at 1356. The Eleventh Circuit reversed a jury verdict in the plaintiff's favor because the district court permitted a jury instruction allowing a jury to find liability based on evidence of (1) Carnival's notice of the dangerous condition, (2) **<u>or</u> that Carnival negligently created or maintained its premises.** *Id*. at 1358. Because this instruction ran afoul of *Keefe*, and the possibility could not be eliminated that the jury found Carnival liable absent notice, the Eleventh Circuit could not deem this error harmless and Carnival was afforded a new trial. *Id.* at 1359.

This is a classic premises liability case. Plaintiff alleges she fell due to a defective flooring transition. The facts track *Everett* – not *Yusko*. Regardless, assuming Count IV is a proper vicarious liability claim, Plaintiff fails to present evidence to support her negligence theories. Summary judgment should therefore be entered on Count IV.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court enter summary judgment in Carnival's favor on all claims made in Plaintiff's First Amended Complaint [ECF No. 18], and for any further relief this Courts deems just and proper.

**Dated: March 4, 2025**

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com