UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  19-cv-20289-ALTONAGA/GOODMAN

NANCY GOULD,

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant,

                            /

## DEFENDANT'S REPLY IN SUPPORT OF ITS OMNIBUS MOTION *IN LIMINE*

Defendant, Carnival Corporation ("Carnival"), replies to Plaintiff's Response to Carnival's Omnibus Motion *in Limine* and incorporated memorandum of law [ECF No. 76].

**1. The Court should exclude evidence of prior guest comments.**

While Carnival agrees that the substantial similarity doctrine does not require identical circumstances, substantially similar incidents must be adequately linked and tailored to a particular hazard, location, or condition.  *See Ree v Royal Caribbean Cruises Ltd.,* 2016 WL 1576350, at \*4 (S.D. Fla. Feb. 25, 2016). Plaintiff's response cites to cases involving "substantially similar" physical conditions.  *See Plaintiff's Response to Carnival's Motion in Limine [ECF No. 76], pages 2-6* ("Plaintiff's Response").  However, this case does not involve a slip-and-fall where a physical condition or defect can be compared in order to assess substantial similarity.  It involves two passengers (a couple) who engaged in a dispute on the pier in Nassau, Bahamas, which then reignited on the gangway. In this case, it is necessary to assess the surrounding circumstances of the situations described in the guest comments in order to determine whether those instances are substantially similar to this case.

Case 1:19-cv-20289-CMA   Document 82   Entered on FLSD Docket 07/07/2020   Page 2 of 7

CASE NO.: 19-cv-20289-ALTONAGA/GOODMAN

*Broadus Jones v. Carnival Corporation, Case 1:17-cv-20648-Altonaga/O'Sullivan* is instructive. In that case, Carnival produced prior physical altercations involving alcohol. Carnival moved to exclude those prior incidents. The court allowed Plaintiff to introduce four of the twelve prior incidents, "after establishing the requisite foundation." *See id.* at ECF No. 98 (Order on the parties' motions in limine). Here, the guest comments lack foundation for Plaintiff to show they were substantially similar. Plaintiff points to the fact that the two guest comment incidents occurred on the gangway and that in one comment, it is mentioned a person was "almost pushed off the gangway." However, in this case, Plaintiff was not pushed. Additionally, the altercation stemmed from a fight between a couple on the pier, off of Carnival's ship. There is no indication in the guest comments that those incidents involved issues on the port of call's pier. There is no indication that they involved a physical altercation. They suggest an issue involving a fight occurred, but nothing more. For example, either comment could be referring to siblings' horseplay turning into a fight. They could be referring to a verbal fight between two strangers, without any physical contact. While one can speculate as to the details and circumstances surrounding the two guest comments, it is improper for Plaintiff to speculate they involved circumstances substantially similar to this case. Plaintiff fails to meet her burden of showing that the two prior guest comments are substantially similar.

If the guest comments are introduced at trial, the prejudice to Carnival would substantially outweigh any probative value. Plaintiff intends to introduce the guest comments to show Carnival had notice that the gangway was a dangerous area where passengers are aggressive and physical fights break out. However, the guest comments do not show notice. The gangway is not like a bar or casino, where fights or aggressive acts may be common. It is simply an area where passengers line up to board the ship. Allowing the guest comments into evidence at trial may

MASE MEBANE

Case 1:19-cv-20289-CMA Document 82 Entered on FLSD Docket 07/07/2020 Page 3 of 7

CASE NO.: 19-cv-20289-ALTONAGA/GOODMAN

mislead the jury into concluding the prior incidents involved physical altercations when there is no foundation to establish that. This would unfairly prejudice Carnival.

**2. Plaintiff should be precluded from testifying to inadmissible hearsay statements made by her doctors regarding her medical diagnoses and treatment.**

Plaintiff's Reply seems to confuse the evidence Carnival seeks to exclude. Carnival does not seek to exclude statements made by Plaintiff's doctors regarding her medical diagnosis, for example, medical records containing statements for the purpose of medical treatment. Carnival seeks to exclude Plaintiff's own testimony regarding conclusions as to her treatment, diagnosis, and cause of her injuries. A patient's recitation of what their doctor told them about their medical condition is considered "pure hearsay, with all the unreliability that attaches to such recitals by an interested witness of what was said long ago." *United States v. Buck*, 70 F.2d 1007 (5th Cir. 1934)[1] (excluding testimony from a patient that "they told him he had rapid heart, lungs out of shape and a spot on his right lung."). While Plaintiff may bring in evidence of her doctors' diagnosis and medical conclusions through medical records or having them testify at trial, it is improper for Plaintiff to recite conclusions and findings regarding her medical diagnosis and causation.

**3. Plaintiff should be precluded from offering speculative testimony regarding Mr. Johnson and Ms. Berry's intoxication.**

Plaintiff should not be able to provide speculative testimony regarding Mr. Johnson and Ms. Berry's intoxication. Plaintiff cannot provide foundation for such testimony and is not a toxicologist or expert in the field. Plaintiff would likely attempt to offer this testimony to show that Carnival should have been on notice of Mr. Johnson and Ms. Berry's propensity to engage in a dispute and taken actions to prevent them from doing so. Plaintiff's response to the underlying motion notes that Carnival's Corporative Representative testified Carnival's investigation found

---

[1] Opinions of the former Fifth Circuit handed down before October 1, 1981, were adopted as binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

MASE MEBANE

CASE NO.:  19-cv-20289-ALTONAGA/GOODMAN

"Ms. Berry and Mr. Johnson to be *slightly* intoxicated…" Carnival's testimony regarding its investigation should not open the door for Plaintiff to provide speculative testimony. Such testimony may create an inference that Ms. Berry and Mr. Johnson were intoxicated to the point that their alleged aggressive actions were foreseeable. This would be highly prejudicial, confusing, and misleading.

### 4. Plaintiff should be precluded from introducing evidence of the full amount of medical bills.

Plaintiff's response spends a considerable time citing to *Jones v. Carnival Corp.,* No. 04-20407-CIV, 2006 WL 8209625 (S.D. Fla 2006)[2], which is a 13-year old, non-binding district court opinion. However, in its underlying Motion, Carnival cites several recent cases from this District that reject the perspective used in *Jones* and other cases Plaintiff cites to, instead finding that: (1) only the amounts of medical bills that represent the amounts actually paid by a third party for a plaintiff's medical care are a collateral source; and that (2) no collateral source benefit is conferred for an amount billed but not paid and, therefore, a plaintiff would obtain an improper windfall if he or she were permitted to recover damages for the billed-but-not-paid amount or to recover for bills that were written off. *See Frauenthal v. Oceania Cruises, Inc.*, 2016 WL 2962897 (S.D. Fla. May 19, 2016); *see also Tercero v. Carnival Corporation,* Case 1:15-cv-21583-JLK (January 7, 2016); *Szczurko v. Celebrity Cruises, Inc.*, Case No. 1:15-CV-20952-UU (Dec. 30, 2015); *Nappi v. Carnival Corp.*, Case No. 1:13-CV-21659-JLK (Oct. 22, 2014) (ECF No. 51); *Smith v. Royal Caribbean Cruises, Ltd.*, No. 13-20697-CIV, 2014 WL 5312534, at \*3 (S.D. Fla. Oct. 10, 2014).

The recent decision in *Gharfeh v. Carnival Corp.,* No. 17-20499-CIV, 2019 WL 186864, at \*7 (S.D. Fla. Jan. 14, 2019) is directly on point and addresses and rejects arguments made by Plaintiff

---

[2] The fact that this was issued when Judge Jordan was a district court judge and he is now an appellate judge does not convert it into a binding Eleventh Circuit opinion, nor is it even binding on Judge Jordan himself. *See, Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even up on the same judge in a different case.").

MASE MEBANE

CASE NO.: 19-cv-20289-ALTONAGA/GOODMAN

here. The Court in *Gharfeh*, after review of the cases in this district, concluded that the majority rule in this district appears to be that a discount or write-off does not implicate the collateral source rule in the way the rule was intended to apply, and that prohibiting such evidence gives the jury a skewed view of the financial reality surrounding the medical bills. The following hypothetical illustrates the point." *Id*. In reaching its conclusion, the Court offered the following hypothetical:

> "Assume that a plaintiff had rotator cuff surgery in Miami because she injured her shoulder after she slipped on a wet deck surrounding a cruise ship pool. Assume further that the average charge by an orthopedic surgeon for the surgery in South Florida is $15,000 but that the surgeon who repaired the plaintiff's rotator cuff charged $200,000. Assume further that the plaintiff's insurance carrier paid the surgeon $13,000, that the surgeon accepted $2,000 directly from the plaintiff, and then wrote off $185,000. Under Gharfeh's view, the hypothetical plaintiff would be permitted to introduce the $200,000 bill and the cruise ship would be prevented from introducing evidence of the $185,000 discount. This result would be illogical and fundamentally unfair, but it would be required by Gharfeh's view of the collateral source rule." [*Id.*]

Magistrate Judge Torres recently followed this rationale in *Underwood v. NCL (Bahamas) Ltd.*, Case No.: 1:17-cv-24492-Williams/Torres (April 10, 2019). The few cases cited by Plaintiff in her response do no not overcome the rationale of the majority position in this District.

The jury should only be permitted to learn the amounts actually paid, instead of amounts for which no party is responsible and will never pay. To permit other greater amounts misleads the jury and suggests that more money was paid for Plaintiff's medical care than is true.

### 5. **Plaintiff's expert may not invade the province of the jury.**

The Fifth Circuit case, *Bender v. Dingwerth*, 425 F.2d 378, 384 (5th Cir. 1970), cited to in the underlying Motion is controlling in this circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1210 (11th Cir. 1981) (The decisions of the Fifth Circuit prior to September 30, 1981 are controlling upon the Eleventh Circuit). The specific testimony of Richard Ferraro Carnival seeks to exclude are opinions that directly suggest Carnival was negligent and that its actions caused Plaintiff's injury (*i.e.* that Carnival "owed a duty of care to Plaintiff Nancy Gould to remove unruly passengers from a queue of embarking passengers on 18 May 2018 in a timely manner… Failing

5

CASE NO.: 19-cv-20289-ALTONAGA/GOODMAN

to do so made it possible for Mr. Jackson and Ms. Berry to proceed and create an escalating hazardous situation and ominous risk to passengers."). Such testimony should be excluded because whether Carnival's actions "create[d] an escalating hazardous situation" is a question for the jury to decide. Generally, an expert's opinions have more weight and impact on a juror, as such witnesses are presented at trial as experts in their field. Allowing Plaintiff's expert to testify that Carnival was negligent and created a hazardous situation presents little to no probative value and would prejudice Carnival.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion *in Limine* and for any other relief deemed just and proper.

Respectfully submitted,

MASE MEBANE, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By:    /s/ *Lauren A. Levitt*
　　　WILLIAM SEITZ
　　　Florida Bar No.: 73928
　　　wseitz@maselaw.com
　　　LAUREN LEVITT
　　　Florida Bar No.: 1011030
　　　llevitt@maselaw.com
　　　*Counsel for Defendant*

CASE NO.: 19-cv-20289-ALTONAGA/GOODMAN

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2020, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Lauren A. Levitt
LAUREN A. LEVITT

## SERVICE LIST
**Nancy Gould v. Carnival**
**Case No.: 19-cv-20289-Altonaga/Goodman**

Spencer M. Aronfeld, Esq.
Florida Bar No.: 905161
Abby Hernandez Ivey, Esq.
Florida Bar No.: 1002774
ARONFELD TRIAL LAWYERS
One Alhambra Plaza, Penthouse
Coral Gables, FL 33134
T: (305) 441-0440
F: (305) 441-0198
aronfeld@aronfeld.com
aivey@aronfeld.com
*Attorneys for Plaintiff*