**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-22783-BLOOM/Louis**

KATHRYN BIRREN and
MANDY BIRREN,

      Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation,

      Defendant.

_____/

## OMNIBUS ORDER ON MOTIONS *IN LIMINE*

**THIS CAUSE** is before the Court upon Defendant Royal Caribbean Cruises, LTD's ("Defendant") Omnibus Motion *in Limine*, ECF No. [88] ("Defendant's Motion"), filed on December 22, 2021, and Plaintiffs Kathryn Birren and Mandy Birren's (collectively, "Plaintiffs") Omnibus Motions in *Limine*, ECF No. [91] ("Plaintiffs' Motion"), filed on the same date. With regard to Defendant's Motion, Plaintiffs filed a Response in Opposition, ECF No. [103], to which Defendant filed a Reply, ECF No. [113]. With regard to Plaintiffs' Motion, Defendant filed a Response in Opposition, ECF No. [108], to which Plaintiffs filed a Reply, ECF No. [111]. The Court has carefully reviewed the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion *in Limine* is granted in part and denied in part consistent with this Order. Plaintiffs' Motion *in Limine* is granted in part and denied in part consistent with this Order.

## I. BACKGROUND

Plaintiffs initiated this maritime personal injury action against Defendant on July 7, 2020. *See generally* ECF No. [1]. Plaintiffs seek damages for an incident that occurred on September 7,

Case 1:20-cv-22783-BB Document 233 Entered on FLSD Docket 03/07/2023 Page 2 of 21

2019, while Plaintiffs were passengers aboard Defendant's cruise ship, *Harmony of the Seas*. *See id.* ¶¶ 14-15.

In Defendant's Motion, Defendant seeks to preclude Plaintiffs from introducing the following evidence or arguments at trial:

    i. Evidence of unrelated prior incidents;

    ii. Inflammatory language and references to irrelevant and/or prejudicial matters;

    iii. References to jury verdicts or settlements in other cases;

    iv. Evidence of liability insurance available to Defendant;

    v. Urging the jury to "send a message," or any similar comments; and

    vi. Testimony related to the Parties' wealth and/or financial resources.

In Plaintiffs' Motion, Plaintiffs seek to preclude Defendant from introducing the following evidence or arguments at trial:

    i. Prior unrelated injuries or incidents;

    ii. Prior unrelated claims or litigation;

    iii. Witnesses Plaintiffs requested for deposition whom Defendant did not produce;

    iv. Refreshing witnesses' recollection with documents withheld during discovery;

    v. Number of passengers who did not suffer an injury;

    vi. Argument or testimony regarding Plaintiffs' gun ownership, hunting, or any other use of guns;

    vii. Evidence or argument that any of Plaintiffs' experts were struck under *Daubert* or were involved in a malpractice suit;

    viii. Argument that Plaintiffs' experts were hired and/or retained by Plaintiffs' attorneys;

Case 1:20-cv-22783-BB Document 233 Entered on FLSD Docket 03/07/2023 Page 2 of 21

Case 1:20-cv-22783-BB Document 93 Entered on FLSD Docket 03/07/2023 Page 3 of 21

ix.     Argument that Plaintiffs lack evidence of Defendant's notice due to Defendant's failure to preserve CCTV footage prior to the incident; and

x.      Testimony from Defendant's corporate representative that is different from the Rule 30(b)(6) corporate representative deposition.

## II.     LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine.*" (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid.

401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

## III. DISCUSSION

### A. Defendant's Motion

#### i. Evidence of Prior Incidents

Defendant seeks to preclude Plaintiffs from introducing evidence of purportedly unrelated cruise ship injuries, testimony regarding other individuals getting hurt on cruise ships, and evidence of prior incidents involving different elevators. *See* ECF No. [88] at 2. Defendant argues that such evidence is not relevant to this case, lacks probative value, and only serves to unfairly prejudice Defendant. *See id.* Plaintiffs object on the basis that twenty-seven (27) prior incidents are substantially similar to Plaintiffs' incident for the jury to determine whether Defendant was on notice of the dangerous condition that Plaintiffs encountered. *See* ECF No. [103] at 6. Defendant responds that Plaintiffs failed to establish that the prior incidents are substantially similar to the

4

Case 1:20-cv-22783-BB Document 123 Entered on FLSD Docket 03/07/2023 Page 5 of 21

subject incident because the prior incidents did not involve the subject elevator. *See* ECF No. [113] at 1-2. Defendant further notes that only three of the twenty-seven (27) prior incidents occurred on the subject vessel. *See id.* at 1, n.1.

Because of the potential for undue prejudice, the Eleventh Circuit has determined that prior incident evidence is permitted only under the "substantial similarity" doctrine. *See Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). "Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). The Eleventh Circuit has set forth a three-prong test to determine if evidence of a prior incident is admissible: (1) the incidents must not be too remote in time; (2) the conditions must be substantially similar; and (3) there must be no prejudice or confusion of the issues that substantially outweighs the probative value of the evidence. *See Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984).

Regarding the timeliness prong, courts have previously admitted into evidence prior incidents dating back to four years before the incident in question. *See Hessen*, 915 F.2d at 642. Regarding the substantial similarity prong, the Eleventh Circuit determined in *Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599, 601 (11th Cir. 2017), that prior incidents did not have to take place at the same location, and that evidence of prior incidents at a different location could be admissible as long as the proponent of the evidence sufficiently demonstrated similarities between the incidents. The Eleventh Circuit further elaborated in *Bunch v. Carnival Corp.*, 825 F. App'x 713, 718 (11th Cir. 2020), that an incident at a particular cruise ship deck could give the cruise-

Case 1:20-cv-22783-BB Document 123 Entered on FLSD Docket 03/07/2023 Page 6 of 21

line notice of similar dangers of a different deck. Applying the Eleventh Circuit's standard for substantial similarity, the Court now turns to the twenty-seven (27) prior incidents in this case.

First, all the prior incidents occurred within a three-year period before Plaintiffs' incident. *See* ECF No. [103-1] at 45-46. Defendant does not argue that the prior incidents were too remote in time. *See generally* ECF No. [88]. Therefore, the Court determines that the prior incidents are not too remote in time. *See Hessen*, 915 F.2d at 642.

Second, Plaintiffs claim to have suffered injuries when an elevator door struck Plaintiff Kathryn Birren, who then collided with her daughter, Plaintiff Mandy Birren, when Plaintiffs exited the elevator in question. *See* ECF Nos. [89] ¶ 2; [105] ¶ 2; *see also* ECF No. [73]. All the prior incidents similarly involve injuries caused by elevator doors on Defendant's vessels closing on passengers as they enter or exit elevators. *See* ECF No. [103-1] at 45-46. As such, the prior incidents are substantially similar to the extent that they could have given Defendant notice of malfunctioning elevator doors on all of its vessels. *See Hessen*, at 915 F.2d at 650. Further, although Defendant argues that the elevators are different because *Harmony of the Seas* is a newer vessel with updated elevators and most of the prior incidents took place on older vessels with older elevators, the Court is not persuaded. *See* ECF No. [88] at 4, n.1. Defendant's argument relies on Ivan Kuesta's deposition in which he notes the six-year difference between the date *Harmony of the Seas* was built and the date *Oasis of the Seas* was built. *See* ECF No. [88-1] at 4. However, Mr. Kuesta merely speculates that there were "probably some upgrades" in elevator technology in the intervening period and fails to elaborate on any specific upgrades or how those upgrades may or may not have allowed prior incidents to give Defendant notice of the subject elevator's dangerous condition. *Id.* ("I don't know. Oasis was 2009, and Harmony came out 2015. So there is a huge time for technology. So probably some upgrades.").

Case 1:20-cv-22783-BB Document 123 Entered on FLSD Docket 03/07/2023 Page 7 of 21

Defendant's reliance on *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015), is also unavailing. *See* ECF No. [113] at 3. In *Sorrels*, the Eleventh Circuit upheld a decision to preclude evidence of prior incidents in a slip and fall case partly because the prior incidents took place at different locations and the liquids that caused the prior incidents were unknown. *See* 796 F.3d at 1287. In slip and fall cases, the difference in location is a material distinction because the type of flooring can vary by location and the type of flooring is a critical factor that determines the slipperiness of floors. Similarly, the type of liquid is also a critical factor that determines the slipperiness of floors. The differences in location and type of liquid may, therefore, foreclose a finding of substantial similarity in slip and fall cases. However, the instant case is not a slip and fall case where the difference in location can result in a material distinction. As noted above, there is no reliable evidence that different elevators were installed on different vessels. Defendant does not meaningfully argue that the elevators are dissimilar for any reason other than the difference in location. *See generally* ECF No. [88]. As such, prior incidents may give notice of the dangerous condition of all of the elevator doors on Defendants' vessels, regardless of where the elevators are located. Therefore, the Court determines that the prior incidents are substantially similar to Plaintiffs' incident.

Lastly, the Court finds that because the prior incidents are highly probative as to the issue of notice, any danger of unfair prejudice or confusion of the issues does not substantially outweigh the probative value of the evidence. Accordingly, Defendant's Motion is denied as to this matter, and all of the prior incidents are admissible to show Defendant's notice of the dangerous condition.

### ii. Inflammatory Language and References to Irrelevant and/or Prejudicial Matters

Defendant seeks to preclude Plaintiffs from introducing inflammatory language and references to two irrelevant and/or prejudicial matters. *See* ECF No. [88] at 4-6. First, Defendant

Case 1:20-cv-22783-BB   Document 132   Entered on FLSD Docket 03/07/2023   Page 8 of 21

seeks to preclude any testimony that Plaintiff Kathryn Birren felt intimidated when the shipboard doctor told her that she did not need x-rays. *See id.* at 5. Plaintiffs respond that Plaintiff Kathryn Birren's testimony on this matter is highly probative of the extent of her injuries because it may help explain why she agreed not to take x-rays despite the severity of her injuries. *See* ECF No. [103] at 7. Defendant replies that Plaintiffs will not be unfairly prejudiced even if Plaintiff Kathryn Birren is not allowed to testify that she was intimidated by the doctor because Plaintiffs have other evidence to show her injuries and that such testimony will instead be used to portray Defendant's employees as "dismissive" or "unprofessional." ECF No. [113] at 4.

Second, Defendant seeks to preclude Plaintiff Kathryn Birren from testifying that one of Defendant's security officers investigating the incident was "rude." ECF No. [88] at 5-6. Plaintiffs respond that such testimony is highly relevant and probative on the issue of whether the security officer's investigation is credible. *See* ECF No. [103] at 7-8. In its Reply, Defendant argues that the testimony is not relevant to Plaintiffs' case-in-chief and will confuse or mislead the jury. *See* ECF No. [113] at 4-5.

Based upon Plaintiffs' representations, the Court finds no basis to exclude Plaintiff Kathryn Birren's testimony on these two matters. As Plaintiffs rightly argue, Plaintiff Kathryn Birren's testimony regarding Defendant's shipboard doctor is probative of the extent of her injuries. The Court can envision a scenario where the lack of x-rays requires an explanation given the alleged severity of her injuries.[1] In addition, the demeanor of Defendant's security officer is probative of the credibility of his investigation and the weight the jury should give to his investigation. Further,

---

[1] Although Defendant argues that Plaintiffs have other evidence to prove Plaintiff Kathryn Birren's injuries and that Plaintiffs will not be prejudiced if the Court were to preclude testimony about the doctor, *see* ECF No. [113] at 4, Plaintiffs likely do not have other evidence to refute the specific argument that Plaintiff Kathryn Birren's injuries are not as serious as she claims because she decided not to get x-rays.

the probative value of Plaintiff Kathryn Birren's testimony on these matters is not substantially outweighed by any prejudicial effect the testimony may have by depicting Defendant's doctor and security officer as unprofessional. As such, Defendant fails to meet its burden of demonstrating that the referenced testimony should be excluded. *See Gonzalez*, 718 F. Supp. 2d at 1345.[2]

Lastly, to the extent that Defendant seeks to preclude other "inflammatory language," the exact boundaries of Plaintiff Kathryn Birren's testimony should be addressed with specific objections to specific testimony in the context of trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. *See In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1. Thus, Defendant's Motion is denied as to this issue, and the two matters from Plaintiff Kathryn Birren's testimony are admissible.

### iii.    References to Jury Verdicts or Settlements in Other Cases

Defendant seeks to preclude any evidence or argument concerning jury verdicts or settlements in other cases. *See* ECF No. [88] at 6. Plaintiffs argue that jury verdicts and settlements in similar cases are admissible because they show Defendant's negligent conduct and because "attorneys are allowed wide latitude in jury argument." ECF No. [103] at 8 (quoting *Wright & Ford Millworks, Inc. v. Long*, 412 So. 2d 892, 893 (Fla. 5th DCA 1982)). Defendant responds that settlement offers are confidential, and any references to jury verdicts will improperly invade the province of the jury by incepting a proposed damages award that is not relevant to the instant case. *See* ECF No. [113] at 5-6.

The Court agrees with Defendant. The confidential nature of settlements precludes any remarks about settlements in other cases. Further, Federal Rule of Evidence 403 bars parties from

---

[2] Although Defendant argues that the security officer's statements are hearsay, *see* ECF No. [88] at 6, the Court notes that such statements, if offered by Plaintiff Kathryn Birren, would be an opposing party's statements and admissible as nonhearsay. *See* Fed. R. Evid. 801(d)(2).

introducing evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. The Court agrees with Defendant that references to jury verdicts would be unfairly prejudicial, confuse the issues, and mislead the jury. Although attorneys are allowed "wide latitude" in jury argument, the Court is not persuaded that the "wide latitude" extends to jury verdicts, which are not relevant and carry a significant danger of unfair prejudice that substantially outweighs any probative value. Accordingly, Defendant's Motion is granted as to this matter, and Plaintiffs are precluded from making any references to jury verdicts and settlements in other cases.

### iv. Evidence of Liability Insurance Available to Defendants

Defendant seeks to preclude Plaintiffs from introducing evidence of Defendant's liability insurance. *See* ECF No. [88] at 6-7. Plaintiffs agree with Defendant that insurance coverage has no bearing on the jury's determination of Defendant's liability or Plaintiffs' claimed damages. *See* ECF No. [103] at 8. However, Plaintiffs request that such evidence be excluded as to both sides. *See id.* In turn, Defendant replies that Plaintiffs should not be allowed to hide evidence of their medical insurance coverage from the jury. *See* ECF No. [113] at 6. Defendant argues that it should be permitted to introduce evidence of write-off amounts when determining damages for reasonable medical costs. *See id.* (citing *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1299-1300 (11th Cir. 2020)).

The Court agrees with Defendant. In *Higgs*, the Eleventh Circuit held that "the appropriate measure of medical damages in a maritime tort case is that reasonable value determined by the jury upon consideration of any relevant evidence, including the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer." 969 F.3d at 1299. "Both the amount billed by healthcare providers and the amount paid by insurers are admissible

as relevant to the question of fixing reasonable value." *Id*. at 1308. Evidence of write-offs is admissible on the issue of medical damages. *See id.* at 1316. In the instant case, if Plaintiffs introduce the totality of their medical bills, Defendant should be permitted to introduce evidence of write-offs. In sum, because the Parties agree that liability insurance available to Defendant should not be admitted, Defendant's Motion is granted as to this matter. Plaintiffs are precluded from introducing evidence of liability insurance available to Defendant. Defendant, however, may introduce evidence of write-offs if Plaintiffs introduce the totality of their medical bills.

### v.    Urging the Jury to "Send a Message," or Any Similar Comments

Defendant argues that any comments to the jury urging them to "teach the defendant a lesson" or "let them know they can't get away with it" are unfairly prejudicial and should be prohibited. ECF No. [88] at 7. Plaintiffs agree not to use the word "punish" but argue that they should be permitted to use the phrase "send a message" because the phrase does not convey an indication to "punish" Defendant. ECF No. [103] at 9. In its Reply, Defendant clarifies that it does not contest the use of the phrase "send a message" and only seeks to prohibit Plaintiffs from presenting any argument urging the jury to punish Defendant because punitive damages are not at issue in this case. ECF No. [113] at 7.

The Court considers this issue to be moot given Defendant's concession that it does not seek to preclude the phrase "send a message" and Plaintiffs' concession not to argue for punitive damages to "punish" Defendant. If there are any remaining objections regarding the exact phrasing of similar arguments, the Court will address them in the context of trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. *See In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1.

11

#### vi.     Testimony Related to the Parties' Wealth and/or Financial Resources

Defendant seeks to preclude Plaintiffs from referencing Plaintiffs' financial resources to the jury. *See* ECF No. [88] at 8-9. Defendant also seeks to disallow any reference to Defendant's superior wealth and resources vis-à-vis Plaintiffs. *See id.* Plaintiffs respond that they do not intend to introduce evidence of the Parties' wealth unless Defendant opens the door to such evidence by arguing that Defendant did not have the financial means to adequately repair its elevators, hire trained employees, replace elevators, implement Kone's real-time notification system, or take other safety measures. *See* ECF No. [103] at 9. Defendant replies that it will not argue it lacks the financial resources to inspect and replace elevators or hire personnel. *See* ECF No. [113] at 7. Because the Parties agree in this regard, Defendant's Motion is granted as to this matter, and Plaintiffs are precluded from referencing Plaintiffs' financial resources unless Defendant opens the door to such evidence.

### B.  Plaintiffs' Motion

#### i.     Prior Injuries or Incidents

Plaintiffs seek to preclude Defendant from referencing any injuries or incidents Plaintiffs may have had that are not related to the injuries alleged in this case. *See* ECF No. [91] at 1-2. Plaintiffs specifically request that the Court preclude the fact that (1) Plaintiffs have been seeing a chiropractor for a long period of time prior to the subject incident; (2) Plaintiff Kathryn Birren was involved in a car accident where she suffered injuries to her back, neck, and left arm; and (3) Plaintiff Mandy Birren fell off a bunkbed when she was two and a half years old. *See id.* Plaintiffs argue that these unrelated injuries or incidents will severely prejudice Plaintiffs and that the unfair prejudice substantially outweighs whatever probative value such evidence might have. *See id.* Defendant responds that the nature and extent of any prior and subsequent injuries are highly

relevant to assess which damages are causally connected to the alleged incident. *See* ECF No. [108] at 1. Defendant notes that two experts, Dr. Rauck and Dr. Gottlieb, have offered opinions on whether prior injuries and treatment are relevant to the alleged injuries caused by the incident in question. *See id.* at 2-4. Plaintiffs reply that Defendant's reliance on Dr. Rauck and Dr. Gottlieb's opinions is unavailing given Plaintiffs' *Daubert* Motion. *See* ECF No. [111] at 2; *see also* ECF No. [92].

The Court agrees with Defendant. Plaintiffs allege that they suffered severe injuries that include bulging and herniated disks, nerve damage, amplified musculoskeletal pain syndrome ("AMPS"), and other injuries to their arms, necks, and backs, as a result of the incident. *See* ECF No. [8] ¶ 16. As such, Plaintiffs have placed their medical conditions at issue, and any preexisting injuries and conditions are relevant to the causal effect of the subject incident and the extent of Plaintiffs' damages. *See, e.g.*, *Santana v. Carnival Corp.*, No. 09-23113-cv-GOLD, 2011 WL 13220283, at *6 (S.D. Fla. Sept. 7, 2011) ("any preexisting injuries that Plaintiff had before her accident from this case are certainly relevant in terms of the Parties' arguments concerning damages and preexisting conditions"); *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069-70 (11th Cir. 2014) ("The defendant's ability to present alternate causes is of paramount importance in allowing for an adequate defense.").

Further, the Court is not persuaded that the probative value of prior injuries and treatment is substantially outweighed by the risk of unfair prejudice because the prior injuries and treatment are highly instructive on whether Plaintiffs' injuries are causally related to the incident in question. Plaintiffs' reliance on *Richardson v. Missouri Pac. R. Co.*, 186 F.3d 1273, 1278 (10th Cir. 1999), is also unpersuasive. *See* ECF No. [91] at 2. *Richardson* was a case where the defendant had previously caused a separate injury to the plaintiff. *See* 186 F.3d at 1278. The district court

13

improperly admitted evidence of a settlement and release relating to the prior injury in a case regarding a subsequent injury. *See id.* The Tenth Circuit determined that the introduction of the settlement and release of the prior injury caused undue prejudice by creating a false impression that the plaintiff "had already been compensated and that he signed a release for all future damages he might suffer." *Id.* Unlike *Richardson*, the introduction of Plaintiffs' prior injuries and treatment will not result in a false impression that Defendant already compensated Plaintiffs for their prior injuries. As such, *Richardson* is inapposite. Moreover, the Eleventh Circuit held in *Sanchez v. McCray*, 349 F. App'x 479, 483 (11th Cir. 2009), that when a party places its medical status at issue, its medical records are admissible as evidence.

As a final note, the Court previously permitted the expert opinions of Dr. Rauck and Dr. Gottlieb in a separate Order, *see* ECF No. [119]. As such, Plaintiffs' argument that the Court should not consider their opinions in addressing whether the prior injuries and incidents should be admitted is unavailing. Thus, Plaintiffs' Motion is denied as to this matter, and the prior injuries and incidents are admissible.

### ii. Prior Unrelated Claims or Litigation

Plaintiffs seek to preclude Defendant from referencing any prior or subsequent claims or litigation that Plaintiffs may have had that are not related to the injuries alleged in this case. *See* ECF No. [91] at 2-3. Defendant responds that it will not introduce such evidence. *See* ECF No. [108] at 4. Because the Parties agree in this regard, Plaintiffs' Motion is granted as to this matter and Defendant is precluded from referencing any prior or subsequent unrelated claims or litigation.

### iii. Witnesses Plaintiffs Requested for Deposition Whom Defendant Did Not Produce

Plaintiffs seek to preclude Defendant from calling any witnesses that Plaintiffs requested to depose, but whom Defendant did not produce. *See* ECF No. [91] at 3. Defendant responds that

it produced all requested witnesses for depositions. *See* ECF No. [108] at 4. Because the Parties appear to agree, Plaintiffs' Motion is granted as to this matter. Any witness not produced for deposition will not be permitted to testify at trial.

### iv. Refreshing Witnesses' Recollection with Documents Withheld During Discovery

Plaintiffs seek to preclude Defendant from attempting to refresh the recollection of Defendant's witnesses with documents withheld from Plaintiffs during discovery. *See* ECF No. [91] at 3-4. Defendant responds that it does not intend to refresh witnesses' recollections with any documents withheld from Plaintiffs during discovery. *See* ECF No. [108] at 5. Because the Parties agree in this regard, Plaintiffs' Motion is granted as to this matter.

### v. Number of Passengers Who Did Not Suffer an Injury

Plaintiffs seek to preclude Defendant from introducing evidence regarding the number of passengers who did not suffer injuries. *See* ECF No. [91] at 4-5. Plaintiffs claim that Defendant may attempt to improperly argue that many passengers used the subject elevator, but only Plaintiffs were injured. *See id*. Plaintiffs argue that whatever probative value such evidence might have is substantially outweighed by the danger of unfair prejudice. *See id.* Plaintiffs also argue that Defendant has not produced evidence of how many passengers used the subject elevator prior to Plaintiffs' incident or the acceptable rate of passenger injuries. *See id.* at 5. As such, Plaintiffs claim that Defendant has failed to lay the foundation for its claims. *See id*. Defendant responds that if Plaintiffs are permitted to introduce evidence of substantially similar prior incidents, then Defendant should be permitted to introduce evidence that provides the context for the prior incidents. *See* ECF No. [108] at 5. Defendant argues that the number of prior incidents within the three-year period before Plaintiffs' incident and the number of people who used Defendant's

elevators in the same period are highly probative as to whether Defendant exercised reasonable care. *See id.*

The Court agrees with Plaintiffs to the extent that Plaintiffs argue that the danger of unfair prejudice substantially outweighs the probative value of such evidence if Defendant fails to set forth the foundation for such evidence. *See* ECF No. [91] at 4. Without the proper foundation, such evidence is merely conjecture with little probative value. However, if the proper foundation for such evidence is provided, then the evidence may be probative as to whether Defendant exercised reasonable care by providing the larger context of the subject incident as well as substantially similar prior incidents. *See* ECF No. [108] at 5. "Evidence on the lack of similar incidents is admissible if the offering party lays the proper foundation." *Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188, 1195 (S.D. Fla. 2017) (citation omitted). "Evidence of the absence of prior accidents is admissible, but the party seeking to rely on it must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident." *Holderbaum v. Carnival Corp.*, No. 13-24216-CIV-LENARD/GOODMAN, 2015 WL 12085846, at *3 (S.D. Fla. Mar. 4, 2015) (quotations and citation omitted). Accordingly, Plaintiffs' Motion is denied as to this matter, and said evidence regarding other passengers is admissible provided that Defendant lays the proper foundation for such evidence at trial.

### vi. Argument or Testimony Regarding Plaintiffs' Gun Ownership, Hunting, or Any Other Use of Guns

Plaintiffs seek to preclude Defendant from referencing Plaintiffs' gun ownership, their participation in hunting, or any other use of guns. *See* ECF No. [91] at 5-6. Plaintiffs argue that such evidence will substantially prejudice jurors who may unfairly associate guns with criminal activity or "reckless" behavior, as well as jurors who may have a political bias against guns. *See id.* Plaintiffs argue that this prejudice will substantially outweigh any hypothetical probative value

16

of Plaintiffs' gun ownership or use. *See id.* Defendant responds that it does not seek to portray Plaintiffs as "reckless." ECF No. [108] at 6-7. Rather, Defendant submits that Plaintiffs' engagement in physical activities that include hunting ventures is probative as to the severity of claimed damages, including damages for the loss of enjoyment of life. *See id.* Plaintiffs respond that Defendant cannot offer speculative medical opinions related to Plaintiffs' gun use because none of Defendant's experts have opined on this matter. *See* ECF No. [111] at 3-4.

As an initial matter, based on a review of medical expert reports from Defendant's medical experts, it appears that Defendant's medical experts have examined the extent of Plaintiffs' medical conditions, including Plaintiff Mandy Birren's alleged AMPS, which causes weakness and constant pain. *See* ECF Nos. [92-4]; [92-3]. Therefore, Defendant's medical experts have conducted a sufficient review of the relevant evidence and disclosed their conclusions to testify regarding Plaintiffs' conditions and whether Plaintiffs may engage in fairly commonplace activities, including firing a gun and hunting. *See id.* Such evidence is probative as to the extent of Plaintiffs' injuries. However, Plaintiffs' gun ownership is not relevant and is outweighed by thew danger of unfair prejudice.

### vii. Evidence or Argument that Any of Plaintiffs' Experts Were Struck Under *Daubert* or Were Involved in a Malpractice Suit

Plaintiffs seek to preclude Defendant from introducing testimony or make arguments that the jury should reject the opinions of Plaintiff's experts because their opinions have been stricken under *Daubert* or because they have been sued for malpractice. *See* ECF No. [91] at 6. Defendant responds that it does not intend to present evidence or comment on such matters as long as they are irrelevant to this case. *See* ECF No. [108] at 8. Defendant maintains that should it become aware of any pending actions in which Plaintiffs' experts were unreliable, biased, or that their methodology was so flawed that it would affect the outcome of this case, it reserves the right to

present such evidence to the jury. *See id.* Because the Parties agree in this regard, Plaintiffs' Motion is granted as to this matter, and Defendant is precluded from introducing such testimony or argument.

### viii. Argument that Plaintiffs' Experts Were Hired and/or Retained by Plaintiffs' Attorneys

Plaintiffs seek to preclude Defendant from arguing that Plaintiffs' experts were hired or retained by Plaintiffs' attorney because such an argument would be highly prejudicial. *See* ECF No. [91] at 7. Plaintiffs further contend that this argument is factually incorrect because Plaintiffs are responsible for the costs of their experts. *See id.* Defendant responds that the fact that Plaintiffs are paying their experts to testify is relevant because it is probative of said experts' potential biases in favor of Plaintiffs. ECF No. [108] at 8-9. Plaintiffs respond that they are not seeking to exclude the fact that Plaintiffs paid for their experts. *See* ECF No. [111] at 4. Rather, Plaintiffs seek to prevent Defendant from misrepresenting that Plaintiffs' attorneys paid for their experts rather than the Plaintiffs themselves. *See id.*

The Court notes that Plaintiffs have failed to explain why they would not be able to address any factually incorrect argument regarding who hired or retained Plaintiffs' experts through cross-examination. Accordingly, Plaintiffs fail to meet their burden of establishing that such testimony should be excluded at this stage. Plaintiffs' Motion is denied as to this matter, and Plaintiffs may cross-examine any factually incorrect arguments raised by Defendant at trial.

### ix. Argument that Plaintiffs Lack Evidence of Notice Due to Defendant's Failure to Preserve CCTV Footage Prior to the Incident

Plaintiffs seek to preclude Defendant from arguing that Plaintiffs do not have evidence of Defendant's notice since there is insufficient CCTV footage. *See* ECF No. [91] at 7-8. Defendant responds that Plaintiffs are ignoring this Court's prior Order, in which the Court already addressed

18

the issue of constructive notice through the CCTV footage. *See* ECF No. [108] at 9-10. In turn, Plaintiffs respond that they are seeking to prohibit Defendant from arguing that there is no evidence that Defendant had notice that the elevators were malfunctioning prior to Plaintiffs' incident solely based on the lack of sufficient CCTV footage, which is an issue that was not addressed in the Court's prior Order on whether Defendant spoliated evidence. *See* ECF No. [111] at 5.

As Plaintiffs correctly argue, in the Court's prior Order, the Court did not address the specific issue of whether Defendant could argue that there is insufficient CCTV footage to prove that Defendant had notice. *See* ECF No. [97]. The Order only states that a curative jury instruction is not warranted because Defendant preserved a reasonable amount of CCTV footage and took reasonable steps to preserve the footage. *See id.*; *see also* ECF No. [80]. However, given the Court's determination that Defendant took reasonable steps to preserve the necessary footage, the Court sees no reason why Defendant should not be permitted to argue that the footage is insufficient to establish notice. Plaintiffs will, of course, be permitted to rebut Defendant's argument by arguing that the amount of footage does establish notice. Thus, Plaintiffs' Motion is denied as to this matter.

x. **Testimony from Defendant's Corporate Representative that is Different from the Rule 30(b)(6) Corporate Representative Deposition**

Plaintiffs seek to preclude Defendant from eliciting or offering testimony from its corporate representative that differs from the corporate representative's Rule 30(b)(6) deposition. *See* ECF No. [91] at 9-10 (citing *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94-95 (D.D.C. 1998)). Plaintiffs argue that Defendant will gain an unfair advantage if the corporate representative is permitted to offer testimony at trial that is different from the deposition merely because the corporate representative learned additional information after the deposition. *See* ECF No. [111] at 6-7. Plaintiffs argue that permitting a change in testimony is unfair because natural persons like

19

Case 1:20-cv-22783-CMA Document 123 Entered on FLSD Docket 03/17/2023 Page 20 of 21

Plaintiffs are criticized if their testimony changes but corporate representatives are not. *See id*. Defendant argues that Plaintiffs' argument on this matter should be denied because Plaintiffs does not specify which testimony Plaintiffs seek to limit and because Plaintiffs can impeach the corporate representative at trial regarding any inconsistency to cure any perceived unfairness. *See* ECF No. [108] at 10.

The Court is not persuaded by Plaintiffs' argument. As Defendant correctly argues, Plaintiffs do not specify a certain matter in the corporate representative's testimony or explain why Plaintiffs would not be able to address any discrepancy during cross-examination. Plaintiffs' reference to *Rainey*, 26 F. Supp. 2d at 94-95, is also unavailing. A court in the Eleventh Circuit held that the non-binding decision in *Rainey* overstates the effect of Rule 30(b)(6) testimony for corporate representatives. *See Cont'l Cas. Co. v. First Fin. Emp. Leasing, Inc.*, 716 F. Supp. 2d 1176, 1190 (M.D. Fla. 2010). "Although Rule 30(b)(6) testimony is that of the corporation, it does not constitute a judicial admission and the corporation 'is no more bound than any witness is by his or her prior deposition testimony. A witness is free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by the introduction of the deposition.'" *Id.* (quoting *R & B Appliance Parts, Inc. v. Amana Co., L.P.*, 258 F.3d 783, 786-87 (8th Cir. 2001)). Therefore, the Court concludes that contradictory testimony, if any, is admissible, and Plaintiffs may cross-examine such testimony to cure any perceived unfairness. Plaintiffs' Motion is denied as to this matter.[3]

---

[3] Plaintiffs also rely on *Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 4990902, at *3 (S.D. Fla. Aug. 20, 2021). *See* ECF No. [91] at 9. However, although the court in *Reed* determined that the corporate representative would not be permitted to contradict her deposition testimony at trial, the court also determined that a corporate representative's deposition did "not mean that the witness has made a judicial admission that formally and finally decides an issue. Deposition testimony is simply evidence, nothing more. Evidence may be explained or contradicted." 2021 WL 4990902, at *3. For the reasons stated above, this Court determines that the corporate representative's deposition testimony may be explained and

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [88]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiffs' Motion, **ECF No. [91]**, is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 28, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

contradicted at trial, and Plaintiffs may cross-examine the corporate representative to cure any perceived unfairness.