UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22654-CIV-ALTONAGA/Reid

MARY GOODENOUGH,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S AMENDED MOTION FOR SANCTIONS
FOR SPOLIATION OF EVIDENCE**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, responds in opposition to Plaintiff's Amended Motion for Sanctions for Spoliation of Evidence [ECF No. 35], and states as follows:

**INTRODUCTION**

Plaintiff's Amended Motion for Sanctions should be denied. Plaintiff fails to demonstrate any bad faith by Carnival that warrants sanctions. There is nothing indicating Carnival purposefully destroyed or hid evidence by installing a Pedimat one week after her fall. Further, Plaintiff's actions in discovery do not indicate that any "gap" measurements were crucial to her case. Plaintiff is in possession of photographs depicting the area taken immediately following her accident and she was offered an opportunity to inspect the vessel, which she declined. Put simply, without evidence of bad faith, Plaintiff's request for sanctions fails.

## BACKGROUND

1. During the drydock of the *Spirit* vessel in 2018, carpet and tile were installed in the midship entrance, portside of the Lido Restaurant. ECF No. 37-1 at 8:22 – 9:19.

2. On June 27, 2023, Carnival placed an order for a Pedimat to be installed in the two midship entrances of the Lido Restaurant onboard the *Spirit*. ECF No. 37-1 at 48:4 – 17.

3. On November 2, 2023, Plaintiff fell within the midship, starboard side entrance of the Lido Restaurant.

4. On November 10, 2023, Carnival installed the Pedimat within both midship entrances of the Lido Restaurant onboard the *Spirit*. ECF No. 37-1 at 8:22 – 9:19.

5. Nine months later, on July 8, 2024, Plaintiff's Counsel sent a letter of representation on behalf of Plaintiff. **Exhibit 1.**

6. On July 15, 2024, Carnival was served with the Complaint in this matter.

7. On August 15, 2024, this Court entered its Order Setting Trial and Pretrial Schedule, requiring all discovery to be completed by February 18, 2025. ECF No. 13.

8. On December 5, 2024, Counsel for Carnival provided correspondence to Plaintiff's Counsel indicating the area where Plaintiff fell would be modified in an upcoming vessel drydock and provided dates of availability for inspection. **Exhibit 2.**

9. On December 31, 2024, Plaintiff's Counsel issued a notice for January 6, 2025 in Key West, Florida for the vessel inspection. **Exhibit 3.**

10. On January 3, 2025, Plaintiff's Counsel advised they needed to reschedule their inspection to January 12 or 18, 2025. **Exhibit 4.**

11. On January 6, 2025, Carnival's own inspection of the area with its expert went forward. At that time, it was discovered that a Pedimat had been added to the area.

12. On January 7, 2025, Plaintiff's Counsel confirmed January 18, 2025, for their vessel inspection.

13. On January 10, 2025, Plaintiff's deposition was completed.

14. On January 13, 2025, the undersigned wrote to Plaintiff's Counsel and advised that a Pedimat had been added to the area and asked if it affected Plaintiff's request for a vessel inspection. ECF No. 26-2.

15. After back-and-forth correspondence, Plaintiff's Counsel advised on January 14, 2025 that Plaintiff no longer wished to inspect the vessel. *Id.*

16. On February 5, 2025, Plaintiff filed her initial motion for sanctions for alleged spoliation of evidence based on the installation of the Pedimat. ECF No. 26.

17. On February 7, 2025, the Court denied this Motion, and instructed Plaintiff to follow the procedures regarding discovery outlined in the Court's Order Setting Trial. ECF No. 27.

18. On February 13, 2025, Plaintiff filed a motion to extend the pretrial deadlines, and stated she was attempting to set a discovery hearing on Defendant's alleged spoliation. ECF No. 30.

19. On February 14, 2025, Plaintiff reached out to the Court to schedule a hearing on Defendant's alleged spoliation.

20. On February 15, 2025, this Court denied Plaintiff's motion to extend the pretrial deadlines. The Court specifically noted Plaintiff waited over one month after learning of the alleged spoliation to schedule a hearing, despite the Scheduling order requiring "the moving party to [seek a hearing] within fifteen (15) days of the occurrence of the grounds for relief[.]" ECF No. 31.

21.     On March 4, 2025, Plaintiff filed the instant Motion again seeking sanctions for alleged spoliation of evidence for installation of the Pedimat, but this time is seeking "only remedies under this Honorable Court's inherent authority power, not under its discovery power." ECF No. 35, pg. 2.

### ARGUMENT

Plaintiff's Motion should be denied because there is no evidence that Carnival acted in bad faith or that any alleged lost evidence is crucial in providing her case.

Spoliation is "defined as the destruction of evidence or the significant and meaningful alteration of a document or instrument." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003) (quotation marks and citation omitted). In some circumstances, a party's "spoliation of critical evidence may warrant the imposition of sanctions." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005). Because spoliation is an evidentiary matter, "federal law governs the imposition of spoliation sanctions." *Id*. at 944. Sanctions for spoliation may include "(1) dismissal of the case; (2) exclusion of expert testimony; or (3) a jury instruction on spoliation of evidence which raises a presumption against the spoliator." *Id*. at 945.

When deciding whether to impose sanctions, a number of factors are relevant: "(1) whether the party seeking sanctions was prejudiced as a result of the destruction of evidence and whether any prejudice could be cured, (2) the practical importance of the evidence, (3) whether the spoliating party acted in bad faith, and (4) the potential for abuse if sanctions are not imposed." *ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1307 (11th Cir. 2018) (citing *Flury*, 427 F.3d at 945).

"Spoliation sanctions – and in particular adverse inferences – cannot be imposed for negligently losing or destroying evidence." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2516, 209 L. Ed. 2d 549 (2021). "[A]n adverse inference is drawn from a party's failure to preserve evidence only when the absence of evidence is predicated on bad faith." *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997). And bad faith "in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). This consideration is key in evaluating bad faith because the party's reason for destroying evidence is what justifies sanctions (or a lack thereof). *Tesoriero*, 965 F.3d at 1184. "Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case." *Id.* (citing *Vick v. Tex. Emp't Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975)).

At the outset, Plaintiff's Motion repeatedly accuses Carnival of spoliating a "gap" and failing to preserve a "gap" – a term that does not even appear in Plaintiff's First Amended Complaint, *See* ECF No. 18, nor anywhere in Carnival's onboard investigation documents produced to Plaintiff. While a portion of the carpet in the area was removed to install the Pedimat, the tile flooring and surrounding carpet remained and were available for Plaintiff to inspect throughout this litigation. ECF No. 26-2 (advising Plaintiff's Counsel "the tiles and surrounding carpet still remain"); ECF No. 37-1 at 48:4 – 17 ("[The Pedimat] was installed on November 10, 2024. It didn't really change the carpeting or tile around it. It's still the same carpet and tile from the drydock of 2018").

Regardless, Plaintiff does not demonstrate any bad faith by Carnival that warrants any of her requested sanctions. There is nothing in this record indicating Carnival destroyed or failed to preserve evidence for the purpose of hiding adverse evidence. Rather, the record indicates that

months prior to Plaintiff's fall, Carnival had planned to install a Pedimat to the midship entrances of the Lido Restaurant. This project went forward on November 10, 2023. **Exhibit 5** (Project Presentation Detailing Installation of Pedimat). After Plaintiff filed her lawsuit, Carnival specifically notified Plaintiff's Counsel that the area would be affected during a 2025 drydock and offered dates for inspection. **Exhibit 2**. Once Defense Counsel learned the Pedimat had been added to the area, it made Plaintiff's Counsel aware of this addition prior to Plaintiff's chosen ship inspection date. ECF No. 26-2.

The mere fact that the Pedimat was installed after Plaintiff's fall and after Carnival's onboard investigation does not warrant sanctions against Carnival. "[A]nticipation of litigation is not the standard for spoliation sanctions – bad faith is." *Tesoriero*, 965 F.3d at 1183.

Even if bad faith were shown, a court's decision not to impose sanctions is appropriate if "the practical importance of the evidence" is minimal. *Tesoriero*, 965 F.3d at 1184; *Flury*, 427 F.3d at 495; *Green Leaf Nursery*, 341 F.3d at 1308 (no spoliation claim under Florida law without a "significant impairment in the ability to prove a lawsuit"); *Walter v. Carnival Corp.*, No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010) (evidence must be "crucial to the movant being able to prove its prima facie case or defense" to establish spoliation).

Immediately after the incident, security officers onboard the vessel took photographs of the area. All of these photographs were produced to Plaintiff during discovery. ECF No. 37-4, pgs. 1-9. Plaintiff's family also took their own photographs of the area during the cruise. ECF No. 37-5. Plaintiff is therefore in possession of multiple photographs depicting exactly how the area looked at the time of her incident.

Despite this, Plaintiff argues she has been deprived "of the ability to show the jury that the subject gap violated industry standards" through her own expert, ECF No. 35, pg. 6, and that this

affects whether she can prove notice. But, "[a]n expert's determination that a shipboard condition fails to comply with safety standards, no matter how long it has been in that condition, standing alone, fails to connect the noncompliance to a showing that the carrier *should have known* about the noncompliance." *Tuite v. Carnival Corp.*, 713 F. Supp. 3d 1338, 1348 (S.D. Fla. 2024), *appeal dismissed*, No. 24-10665-FF, 2024 WL 3964617 (11th Cir. Aug. 13, 2024). Therefore, in the event there is no other evidence that Carnival was aware of a tripping hazard posed by this carpet-to-tile transition, a plaintiff's expert's opinions would not prevent summary judgment.

Furthermore, if measurements in this area were truly crucial to Plaintiff, she would have inspected the vessel closer to her incident date or inspected the surrounding carpet and tile that remained there. Even if the precise "gap" that allegedly caused her to trip was no longer present, nothing prevented Plaintiff from inspecting the remaining tile and carpet. Instead of seizing this opportunity or seeking any relief from this Court pursuant to its Order [ECF No. 13], Plaintiff opted to pursue sanctions against Carnival.

In sum, Plaintiff has not proven Carnival purposefully destroyed evidence or that a loss of a "gap" was crucial in proving her case. As such, Plaintiff has not demonstrated evidence of bad faith that warrants any sanctions against Carnival. Nothing in this limited record "smacks of bad faith." *Tesoriero*, 965 F.3d at 1186.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court deny Plaintiff's Amended Motion for Sanctions for Spoliation of Evidence [ECF No. 35], and for any further relief this Courts deems just and proper.

Dated: March 18, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com