**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-22654-CIV-ALTONAGA/Reid**

**MARY GOODENOUGH,**

     Plaintiff,

v.

**CARNIVAL CORPORATION,**

     Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, files its Reply to Plaintiff's Response in Opposition [ECF No. 42] to Defendant's Motion for Summary Judgment. [ECF No. 38].

**ARGUMENT**

I.    **Plaintiff Fails to Provide Evidence Carnival Should Have Known About Her Alleged Risk-Creating Condition.**

Plaintiff argues that she has produced "thirteen (13) substantially similar prior incidents"[1] and Carnival has represented "the carpet-to-tile transition in these incidents is similar to the one involved in [her] incident." ECF No. 42, pgs. 3, 6. Carnival disputes this and it is ultimately Plaintiff's burden to prove any of the disclosed incidents are substantially similar to her own.

---

[1] Carnival previously advised in discovery (based on agreements with Plaintiff's Counsel) that there were no prior tripping incidents in the midship entranceways of the Lido Restaurant on the *Spirit* and other vessels within the *Spirit*-class for the five-year period preceding her incident. [ECF No. 41-1, pg. 3]. Plaintiff requested a discovery hearing that went forward after the close of discovery [ECF No. 33], Carnival then filed its Motion for Summary Judgment [ECF No. 38], and Carnival thereafter produced prior tripping incidents and passenger complaints in Lido Restaurants fleetwide mentioning metal strips separating carpet from tile. [ECF Nos. 41-1, 41-2].

The thirteen incidents referred to include eight (8) prior incidents, fleetwide across 27 vessels, for the five-year period preceding Plaintiff's incident. ECF No. 41-1, pgs. 3-5. Defendant expressly stated it made no representation that those disclosed incidents were substantially similar to her own incident. *Id.* at pg. 3. The remaining five incidents referred to are guest complaints, searched fleetwide for a five-year period based on key terms, and Carnival is "without knowledge regarding the exact area each complaint refers to." *Id* at pg. 6; ECF No. 41-2.

Because of the potential for undue prejudice, the Eleventh Circuit has determined that prior incident evidence is permitted only under the "substantial similarity" doctrine. *See Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). "Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). The substantial similarity doctrine "requires that before evidence of prior incidents or occurrences is admitted into evidence, the proponent of such evidence must show that conditions substantially similar to the occurrence caused the prior incidents." *Heath*, 126 F. 3d 1391, 1397, n. 12.

The Eleventh Circuit has set forth a three-prong test to determine if evidence of a prior incident is admissible: (1) the incidents must not be too remote in time; (2) the conditions must be substantially similar; and (3) there must be no prejudice or confusion of the issues that substantially outweighs the probative value of the evidence. *See Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984).

Plaintiff as the proponent of the evidence bears the burden of demonstrating substantial similarity. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015) (citing *Heath*,

126 F.3d at 1397 n.12). "The 'substantial similarity' doctrine does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Sorrels*, 796 F.2d at 1287 – 88.

Plaintiff in her First Amended Complaint alleged that while onboard the *Spirit* she "suddenly tripped over a protruding and exposed lip/threshold of a tile where it met carpet, and the "risk-creating and/or dangerous condition was the lip/threshold of the tile where it met carpet." ECF No. 18, ¶¶ 13 – 15. Plaintiff fell a few steps within the midship, starboard side entrance of the Lido Restaurant on the *Spirit*. ECF No. 37-1 at 38:24 – 39:11; 41:12 – 16. She has subsequently argued in this case that the risk-creating condition "was the gap of the tile where it met carpet" and "an exposed gap created a tripping hazard" that led to her fall. ECF No. 26, pg. 2; ECF No. 36, pg. 6 ("The subject gap/lip at issue…was completely changed.").

None of the eight prior incidents fleetwide within the five-year period mention an "exposed gap" between carpet and tile that caused a fall. ECF No. 41-1, pgs. 3 – 7. Neither do the guest complaints produced. ECF No. 41-2. Plaintiff as the proponent of prior incident evidence must demonstrate substantial similarity – but there is no record evidence blaming any gap between carpet and tile that should have put Carnival on notice of *her* alleged risk-creating condition that caused her to trip and fall. Rather, the record evidence indicates that no passengers fell in this same area onboard the *Spirit* within the five-year period prior to her incident, no guests complained about the area, and there was no defective condition before or after her incident that required repair. Plaintiff therefore has failed to show Carnival had constructive notice of her alleged risk-creating condition here.

**II.     Plaintiff's Requested Sanction is Not a Substitute for Record Evidence of Notice.**

Carnival has addressed separately in its response to Plaintiff's Amended Motion for Sanctions that there is no evidence of bad faith or that crucial evidence was lost to warrant sanctions. *See* ECF No. 43. To the extent Plaintiff's pending Amended Motion for Sanctions impacts Defendant's Motion for Summary Judgment, Carnival incorporates its arguments in response [ECF No. 43] as though fully stated herein.

While Plaintiff argues that sanctions could potentially provide her with evidence of notice, the Eleventh Circuit has rejected this argument under similar circumstances. In *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1186 (11th Cir. 2020), the Court noted that neither party cited a persuasive case to support a presumption of notice as a spoliation sanction. There, a wooden chair plaintiff sat in collapsed, allegedly causing her injury, and the broken chair was not preserved. But the Court noted that it was unclear what evidence of notice could be deduced from the already-broken piece of furniture. *Id.* at 1187. The photographic evidence of the chair confirmed the peg-and-hole assembly would have been obscured prior to the incident and plaintiff failed to take advantage of an inspection of an identical unbroken chair from the ship. *Id.* The Court was therefore unpersuaded that the ability to inspect the broken chair would have been so important to the notice issue as to warrant sanctions. *Id.* "While notice [had] not been shown [there], it [was] not because the chair [was] missing." *Id.*

Similarly here, Plaintiff argues she has lost the ability to inspect an alleged "gap" due to the installation of a Pedimat in the area. But even if the "gap" was measured by plaintiff's expert and found to exceed or not be in compliance with purported standards or guidelines, that would not be enough to prove Carnival's notice without other evidence. "An expert's determination that a shipboard condition fails to comply with safety standards, no matter how long it has been in that

condition, standing alone, fails to connect the noncompliance to a showing that the carrier *should have known* about the noncompliance." *Tuite v. Carnival Corp.*, 713 F. Supp. 3d 1338, 1348 (S.D. Fla. 2024), *appeal dismissed*, No. 24-10665-FF, 2024 WL 3964617 (11th Cir. Aug. 13, 2024).

In discovery, Carnival searched prior incidents, passenger complaints, monthly meeting minutes, and work orders related to the area where Plaintiff fell onboard the *Spirit* and vessels within the *Spirit*-class. Following discovery, the Court then widened certain searches to Carnival's entire fleet of vessels.  Carnival submits Plaintiff has failed to produce record evidence of notice on Counts I, II, and III at the summary judgment stage because she has failed to show it knew or should have known about her alleged tripping hazard. If notice is not shown here, it is not because the alleged gap was no longer available for inspection. *Tesoriero*, 965 F.3d at 1187.

### III.      Plaintiff Fails to Provide Evidence to Sustain Her Vicarious Liability Claim.

Carnival is *not* moving for summary judgment on Plaintiff failing to prove Carnival, as the shipowner, had some role in participating or approving the carpet and tile. None of Plaintiff's cited cases in her response pertain to negligent design on a vicarious liability theory. *See* ECF No. 42, pg. 14 (citing *Hoover v. NCL (Bahamas) Ltd.*, No. 19-cv-22906, 2020 WL 5834742 at *2 (S.D. Fla. Sept. 29, 2020); *Fylling v. Royal Caribbean Cruises, Ltd.*, No. 18-cv-21953, 2019 WL 8275158, at *4 (S.D. Fla. Dec. 10, 2019); *Whelan v. Royal Caribbean Cruises Ltd.*, 2013 WL 5583966, at *4 (S.D. Fla. Aug. 16, 2013)). Carnival is also not arguing Plaintiff needs to prove notice to sustain a vicarious liability claim. ECF No. 42, pg. 14 (speaking to notice requirement).

Carnival maintains that Count IV is not a legally cognizable vicarious liability claim. Plaintiff does not distinguish *Everett v. Carnival Cruise Lines*, 912 F.2d 1255 (11th Cir. 1990) from this case. And her repeated references to Carnival as the shipowner in her response indicate she is limited to a theory of direct liability here. ECF No. 42, pgs. 13 – 14 ("GOODENOUGH has

evidence CARNIVAL not only approved of this dangerous carpet, tile, and lip design, but actively directed its design".... "GOODENOUGH does not need to present evidence that a cruise line directly participated in the design of the dangerous condition. All that is required is evidence that a cruise line approved of a negligently designed condition.").

Assuming Count IV is a proper vicarious liability claim, Plaintiff in her response fails to address the arguments raised by Carnival with regards to it. Again, to prove negligence under vicarious liability, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167-68 (11th Cir. 2021). "The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action." *Taiariol v. MSC Crociere, S.A.*, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.")).

Plaintiff does not identify a specific tortfeasor/employee of Carnival at summary judgment. Plaintiff also does not identify how any alleged tortfeasor acted negligently that somehow caused her incident. All Plaintiff presents is testimony that Carnival's refurbishment department selected the tile and carpet that was installed in the area in 2018. ECF No. 42 at pg. 13. The fact that Carnival's refurbishment department selected the carpet and tile is not evidence an individual or group of individuals did so negligently.

At the summary judgment stage, Plaintiff has not pinpointed evidence sufficient to establish Carnival's employees "negligently designed the ship or negligently approved of the

design[.]" ECF No. 22, pg. 4. Rather, the fact that there were no prior incidents or passenger complaints in this entrance onboard the *Spirit* for a five-year period *after* the installation of carpet and tile and *before* Plaintiff's fall indicates a safe design. ECF Nos. 37, ¶¶ 9-10. Summary Judgment on Count IV is therefore warranted.

Dated: March 24, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com