**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-22654-CIV-ALTONAGA/Reid**

**MARY GOODENOUGH,**

      Plaintiff,

v.

**CARNIVAL CORPORATION,**

      Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, files its Reply to Plaintiff's Response [ECF No. 41] to Defendant's Statement of Material Facts in Support of its Motion for Summary Judgment [ECF No. 37], and Defendant's Response to Plaintiff's Statement of Additional Facts [ECF No. 41, pg. 2].

**REPLY TO STATEMENT OF MATERIAL FACTS**

7.      Plaintiff fails to dispute this fact with record evidence.

8.      Plaintiff fails to dispute this fact with record evidence.

9.      Plaintiff fails to dispute this fact. There is no record of prior incidents involving passengers tripping and falling in these entrances onboard the *Spirit*. All of the cited evidence pertains to other locations and other vessels. Plaintiff also has not met her burden in proving any of these incidents are substantially similar under the Eleventh Circuit's substantial similarity doctrine.

10.     Plaintiff fails to dispute this fact. There is no record of passenger complaints involving tripping hazards in these entrances onboard the *Spirit*. All of the cited evidence pertains to other locations and other vessels. Plaintiff also has not met her burden in proving any of these incidents are substantially similar under the Eleventh Circuit's substantial similarity doctrine.

15.     Plaintiff fails to dispute this fact. The cited record evidence does not show any safety concerns or issues with the location of Plaintiff's fall. Plaintiff also has not met her burden in proving any of these incidents are substantially similar under the Eleventh Circuit's substantial similarity doctrine.

**RESPONSE TO ADDITIONAL STATEMENT OF MATERIAL FACTS**

16.     Disputed that Plaintiff has established a "specific type of carpet-to-tile transition lip." Plaintiff also has not met her burden in proving any of these incidents are substantially similar under the Eleventh Circuit's substantial similarity doctrine.

17.     Disputed that Plaintiff has established a "specific type of carpet-to-tile transition lip." Plaintiff also has not met her burden in proving any of these incidents are substantially similar under the Eleventh Circuit's substantial similarity doctrine.

18.     Undisputed that a Pedimat was installed in the area eight (8) days following Plaintiff's fall, as had been planned for several months. ECF No. 37-1 at 8:22 – 9:19. Disputed to the extent Plaintiff insinuates Carnival withheld this information from her. Defense Counsel made Plaintiff aware of the addition of the Pedimat upon its discovery and prior to Plaintiff's requested ship inspection. ECF No. 26-2. Plaintiff ultimately withdrew her request for a ship inspection. *Id*. The surrounding carpet and tile still remained and was available to Plaintiff for inspection. *Id.*

19. Disputed that Plaintiff's contention that Carnival's involvement as the shipowner is relevant to claim for vicarious liability. Plaintiff fails to cite to any evidence identifying a specific tortfeasor or a tortfeasor's allegedly negligent actions.

Dated: March 24, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
   Michael J. Drahos
   Florida Bar No. 0617059
   michael.drahos@gray-robinson.com
   W. Cooper Jarnagin
   Florida Bar No. 117767
   cooper.jarnagin@gray-robinson.com
   Ashley Genoese
   Florida Bar No. 1019357
   ashley.genoese@gray-robinson.com