**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-22654-CIV-ALTONAGA/Reid**

**MARY GOODENOUGH,**

     Plaintiff,

v.

**CARNIVAL CORPORATION,**

     Defendant.

_____/

## DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PRIOR INCIDENTS

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, hereby files this motion *in limine* to preclude evidence of prior incidents not substantially similar to Plaintiff's at trial, and in support thereof states as follows:

### I.    INTRODUCTION

Mary Goodenough ("Plaintiff") alleges she tripped and fell while walking onboard the Carnival *Spirit* cruise ship. She claims her fall is due to Carnival's negligence, in particular that it failed to warn of, maintain, and appropriately design a carpet-to-tile transition.

Now, Carnival seeks to preclude evidence of prior incidents that are not substantially similar to Plaintiff's claimed incident. While it is Plaintiff's burden to establish substantial similarity for any prior incident she seeks to introduce as evidence, the prior incidents disclosed in discovery should be precluded at this stage. These prior incidents occurred at different locations and on different ships. Plaintiff has not established these other carpet-to-tile transitions are substantially similar to the one she allegedly tripped over.

## II.     ARGUMENT

### a.     Consideration of Admission of Prior Incidents

Because of the potential for undue prejudice, the Eleventh Circuit has determined that prior incident evidence is permitted only under the "substantial similarity" doctrine. *See Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). "Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). The substantial similarity doctrine "requires that before evidence of prior incidents or occurrences is admitted into evidence, the proponent of such evidence must show that conditions substantially similar to the occurrence caused the prior incidents." *Heath*, 126 F. 3d 1391, 1397, n. 12.

The Eleventh Circuit has set forth a three-prong test to determine if evidence of a prior incident is admissible: (1) the incidents must not be too remote in time; (2) the conditions must be substantially similar; and (3) there must be no prejudice or confusion of the issues that substantially outweighs the probative value of the evidence. *See Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984).

Plaintiff as the proponent of the evidence bears the burden of demonstrating substantial similarity. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015) (citing *Heath*, 126 F.3d at 1397 n.12). Courts have distinguished prior falling incidents from the incident at issue based on various factors involved in the fall. *See generally id.; Taiariol v. MSC Crociere S.A.*, 677 F.App'x 599, 601 (11th Cir. 2017); *Bahr v. NCL (Bahamas) Ltd.*, No. 19-cv-22973-

BLOOM/Louis, 2021 WL 4898218, at *4 (S.D. Fla. Oct. 10, 2021), *clarified on denial of reconsideration*, No. 19-CV-22973, 2022 WL 19258 (S.D. Fla. Jan. 3, 2022).

In *Sorrels v. NCL (Bahamas) Ltd.*, the Eleventh Circuit affirmed the district court's ruling excluding evidence of 22 other slip and fall incidents on teakwood flooring in public areas of a cruise ship over a four-year period. There, the plaintiff claimed to have slipped on the pool deck of a cruise ship that was wet from rain. *Sorrels*, 796 F.3d at 1279. The district court found at the summary judgment stage that none of the 22 prior incidents to be introduced could be considered. First, none occurred where the plaintiff fell. Second, the liquids the other passengers slipped on differed – most involved unknown wet substances – and many reports noted there was no indication of rainwater. Third, some of the other incidents involved other factors such as playing table tennis or falling while running around the pool. *Id.* at 1287. The Eleventh Circuit found the district court acted within its discretion, in part given that only three of the other passengers claimed to have slipped on rainwater, and those passengers were wearing high heels or worn flip flips. *Id.* at 1288.

In *Taiariol v. MSC Crociere S.A.*, the Eleventh Circuit also affirmed the district court's exclusion of prior incidents that were not substantially similar. 677 F.App'x 599, 601. There, plaintiff claimed she slipped on the metal nosing edge of a step while leaving a theater onboard a cruise ship. The district court excluded "similar incidents" because none involved falls caused by the nosing. *Id.* The Eleventh Circuit affirmed, noting that while plaintiff produced incidents of passengers falling down steps, those incidents involved being distracted by a crewmember; tripping on electrical cords, camouflaged steps, or other objects; or slipping on marble stairs or steps not adequately marked. *Id.* Therefore, the prior incidents were not substantially similar to the *Taiariol* plaintiff's own incident.

Also in *Bahr v. NCL (Bahamas) Ltd.*, this Court considered six (6) prior incidents under the substantial similarity doctrine and ruled them all inadmissible. 2021 WL 4898218, at *4. There, plaintiff was walking down a gangway between the vessel and the dock when she slipped and fell near the end of the gangway, which she alleged was wet and slippery. The prior incidents involved (1) a passenger walking backwards while assisting someone in a wheelchair; (2) passengers slipping on entirely different gangways; (3) a fall that plaintiff failed to provide specific detail about; and (4) a slip while on a motor scooter. *Id.* at *5-7. Given the differences between the prior incidents, and plaintiff's failure to demonstrate similarity between these incidents and her own, the court found the little probative value of those incidents was outweighed by unfair prejudice to the defendant.

b.      Plaintiff's Incident

Plaintiff was a passenger onboard the Carnival *Spirit* cruise ship. ECF No. 37-1 at 18:4 – 17. The *Spirit* cruise ship contains an interior Lido Restaurant on Deck 9 where passengers eat breakfast, lunch, and dinner. ECF No. 37-3 at 118:18 – 119:16. The Lido Restaurant contains two midship entrances on Deck 9 of the *Spirit*, one of the port side and one on the starboard side. *Id.* at 75:2 – 12; 113:16 – 114:6.

On November 2, 2023, these entrances contained carpeted and tile flooring secured together by a metal strip. *Id.* at 62:7 – 10; 75:2 – 12; ECF No. 37-4 (Photos Taken by Carnival Security on November 2, 2023 Following Plaintiff's Incident [Starboard]); ECF No. 37-5 (Photo Produced by Plaintiff Depicting Accident Area [Starboard]).

On November 2, 2023, Plaintiff walked a few steps within the midship, starboard side entrance of the Lido Restaurant on the *Spirit* and fell. ECF No. 37-1 at 38:24 – 39:11; 41:12 – 16. She claims she fell due to "protruding and exposed lip/threshold of a tile where it met carpet" [ECF

No. 18, ¶¶ 13-15] and that the risk creating condition "was the gap of the tile where it met carpet" and "an exposed gap created a tripping hazard" that led to her fall. ECF No. 26, pg. 2; ECF No. 36, pg. 6.

      c.      <u>Prior Incidents Not Substantially Similar to Plaintiff's Should Be Precluded.</u>

In this case, Carnival produced eight (8) prior incidents, fleetwide across 27 vessels, for the five-year period preceding Plaintiff's incident. ECF No. 41-1, pgs. 3-5. Carnival also produced guest complaints, searched fleetwide for a five-year period based on key terms. ECF No. 41-2.

None of the eight prior incidents fleetwide within the five-year period mention an "exposed gap" between carpet and tile that caused a fall. ECF No. 41-1, pgs. 3 – 7. Neither do the guest complaints produced. ECF No. 41-2. Plaintiff as the proponent of prior incident evidence must demonstrate substantial similarity – but there is no record evidence blaming any gap between carpet and tile that should have put Carnival on notice of *her* alleged risk-creating condition here that caused her to trip and fall.

Additionally, while prior incidents do not need to happen in the exact same location, Plaintiff must demonstrate the flooring transitions are substantially similar. *Bahr*, 2021 WL 4898218 at *6 (citing *Bunch v. Carnival Corp.*, 825 F. App'x 713 (11th Cir. 2020); *Taiariol*, 677 F. App'x 599 at 601; and *Sorrels*, 796 F.3d at 1287)). To the extent Plaintiff fails to elaborate on how these carpet-to-tile transitions on other ships or in different locations are similar to the one she encountered, these aforementioned prior incidents and guest complaints should be held inadmissible. *Bahr*, 2021 WL 4898218 at *6.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully request the Court enter an order precluding prior incidents not substantially similar to Plaintiff's own incident, and for any further relief this Court deems just and proper.

### Local Rule 7.1 (a)(3) Certification

I hereby certify that counsel for the movant has conferred with Plaintiff's counsel regarding the relief sought, and Plaintiff is opposed.

Dated: April 1, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No.: 117767
Michael.Drahos@Gray-Robinson.com
Cooper.Jarnagin@Gray-Robinson.com